UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 21-03739 PA (ASx) | Date | June 2, 2021 |
| Title | Nasser Balouch, et al. v. Universal North America Insurance Company | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

None                                                               None

**Proceedings:**        IN CHAMBERS — COURT ORDER

  Before the Court is a Notice of Removal filed by defendant Universal North America Insurance Company ("Defendant"). (Dkt. No. 1.) Defendant alleges this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). On June 2, 2021, the Court held a telephonic hearing with counsel for the parties to determine whether diversity jurisdiction over this action exists. For the reasons stated below, the Court finds Defendant has failed to demonstrate that this Court has diversity jurisdiction over this action.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

  In attempting to invoke this Court's diversity jurisdiction, Defendant must show that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the place they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

  In the Notice of Removal, Defendant states "[b]ased on the allegations in the Complaint, Plaintiffs are, and were at the time of filing of this action and of this Notice of a Removal, a citizen of

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-03739 PA (ASx) | Date | June 2, 2021 |
|---|---|---|---|
| Title | Nasser Balouch, et al. v. Universal North America Insurance Company | | |

the State of California." (Removal ¶ 3.) Defendant cites paragraph 3 of the Complaint for this argument. Paragraph 3 of the Complaint states "[a]t all relevant times herein, Plaintiffs Nasser Balouch . . . and Rosanne Balouch . . . are the individual owners of a single family dwelling located at 15904 Joseph Court in Sylmar, CA 91342 . . . and [are] resident[s] of the County of Los Angeles, State of California." Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations of citizenship, based off of residence, are insufficient to establish Plaintiffs' citizenship.

During the hearing, Counsel for Defendant stated they do not have any evidence of Plaintiffs' citizenship, outside of the residency allegations in the Complaint, and the fact that Plaintiffs have purchased an insurance policy on a home in California. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). The Court concludes that Defendant has not adequately established the Court's subject matter jurisdiction over this action.

For the foregoing reasons, Defendant has failed to satisfy its burden of showing that diversity jurisdiction exists over this action. Accordingly, this action is hereby remanded for lack of subject matter jurisdiction to Los Angeles Superior Court, case number 20STCV48796.

IT IS SO ORDERED.